IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RICHARD D. WILLIAMSON )
)
v. ) NO. 1:16-0041
)
HANK INMAN )

TO: Honorable Waverly. D. Crenshaw, Jr., District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered June 7, 2016 (Docket Entry No. 44), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the parties' competing motions for summary judgment: Plaintiff's motion for summary judgment (Docket Entry No. 40) and Defendant's motion for summary judgment (Docket Entry No. 43). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this action be dismissed.

## I. BACKGROUND

Richard Williamson ("Plaintiff") is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On June 2, 2016, he filed this action *pro se* and *in forma pauperis* seeking damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged

to have occurred during his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Plaintiff originally named Hank Inman ("Inman"), the Security Threat Group Coordinator at the SCCF, as the only specifically identified Defendant. After Defendant Inman answered the complaint, a scheduling order was entered setting out deadlines for pretrial activity. *See* Docket Entry No. 24. In an amended complaint, Plaintiff identified former SCCF correctional officers Jillian McGuire ("McGuire") and Courtney Smith ("Smith") as additional Defendants, both of whom had been previously identified as "Jane Does." *See* Third Amended Complaint (Docket Entry No. 38), and Order entered November 2, 2016 (Docket Entry No. 37). However, process has been returned unexecuted for these two defendants. *See* Docket Entry Nos. 49 & 50.

Plaintiff alleges that he was involved in a fight involving four other inmates at the SCCF on February 18, 2016 ("the February 18 fight"), but that he sustained no physical injuries. He contends that Defendant Inman investigated the incident, determined that a "majority" of the inmates involved were known or confirmed gang members, and charged all the inmates with participating in "security threat group activity" and/or fighting. *See* Third Amended Complaint at 4-5. Plaintiff alleges that each of the inmates pled guilty to the disciplinary charges and were placed in segregated confinement for a period of time. *Id*. Plaintiff alleges that he was placed in housing unit "Apollo-A pod" upon his release from segregation on March 5, 2016, as were the other inmates who had been involved in the fight. *Id*. at 5-6. Plaintiff asserts that on March 7, 2016, another fight occurred ("the March 7 fight") in the housing unit's dining room involving himself, some of the inmates involved in the prior fight, and other inmates. *Id*. at 6-7. Plaintiff was stabbed during the fight before it was stopped and was treated for his injuries. *Id.* at 7. On April 8, 2016, he was transferred from the SCCF to the

2

WTSP. *Id*. at 8. As the basis for his Section 1983 claim, Plaintiff contends that Defendants were deliberately indifferent to his constitutional right to personal safety in the aftermath of the February 18 fight and failed in their duty to protect him from violence at the hand of other inmates at the SCCF.

## II. MOTIONS FOR SUMMARY JUDGMENT

In Plaintiff's motion for summary judgment, he seeks judgment in his favor as to the liability of Defendant Inman. Plaintiff argues that Inman was aware from his investigation of the February 18 fight that other inmates posed a risk to Plaintiff's personal safety, yet Inman acted with deliberate indifference to this risk by failing to take reasonable measures to ensure that Plaintiff was protected from harm. *See* Brief in Support (Docket Entry No. 41). Although not clearly stated by Plaintiff, he appears to argue that he should not have been placed back into the same housing unit with the other inmates involved in the February 18 fight and that Inman should have taken measures available under TDOC policy to 1) place Plaintiff or the other inmates in administrative segregation or protective custody, or, 2) have the other inmates labeled as incompatible with Plaintiff. Plaintiff supports his motion with his own affidavit. *See* Docket Entry No. 42.[1]

In Defendant Inman's motion for summary judgment, he first argues that it is undisputed that Plaintiff was found guilty, pursuant to his own guilty pleas, of the prison disciplinary infractions of

---

[1] In support of his motion, Plaintiff also refers to another case pending in this Court, *Taylor v. Lindamood, et al.*, No. 1:16-0048. *See* Plaintiff's Motion (Docket Entry No. 40) at 2. The plaintiff in *Taylor* was one of the other inmates involved in the February 18 and March 7 fights, and he has also filed a Section 1983 claims against Defendant Inman and other prison officials. Motions for summary judgment are likewise pending in *Taylor*. The *Taylor* case provides no actual support for Plaintiff's motion.

3

fighting and participating in a security threat group, charges that arose from the March 7 fight. Inman argues that Plaintiff's failure to protect claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which Inman contends requires Plaintiff to have the convictions reversed, expunged, declared invalid, or called into question before he can pursue his Section 1983 claim. Defendant Inman also argues that the evidence before the Court fails to support Plaintiff's claim that his constitutional right to personal safety was violated by Inman in either his individual or official capacity. Defendant Inman acknowledges that both inmate fights occurred as alleged, but asserts that 1) Plaintiff failed to make any statement in the aftermath of the February 18 fight, 2) at no time did Plaintiff complain or otherwise let Inman or any other prison official know that Plaintiff feared for his safety because of any other inmate, and, 3) Plaintiff did not request either to be placed in protective custody or to have any inmate labeled as an incompatible with Plaintiff. Defendant Inman further asserts that he had no role in Plaintiff's housing placement at the SCCF and that his only involvement in the matter was investigating the two fights and charging Plaintiff with the disciplinary infractions. Defendant Inman supports his motion with his own declaration (Docket Entry No. 46) and with a statement of undisputed material facts (Docket Entry No. 45).

Both parties have filed responses in opposition to their opponent's motion for summary judgment. *See* Docket Entry Nos. 47, 51, 52, 53, and 54.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir. 1991).

A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat a summary judgment motion, the party opposing the motion must present affirmative evidence to support the party's position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir. 1991).

5

> The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts ... [.] Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.

*Id*. (citations omitted)


## IV. CONCLUSIONS

The Court finds that summary judgment should be granted to Defendant Inman. Although Plaintiff's allegations were sufficient to permit his failure to protect claim to survive frivolity review under 28 U.S.C. § 1915(d), his claim fails to survive summary judgment review.


A. *Heck v. Humphrey*

Initially, the Court is unpersuaded by Defendant Inman's argument that *Heck v. Humphrey* bars Plaintiff from pursuing this lawsuit. The favorable termination rule of *Heck v. Humphrey* states that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

51 U.S. at 486–87. Although the favorable termination rule was initially applied to situations involving criminal convictions and sentences of imprisonment, it has also been applied to situations involving prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000). However, the rule does

6

not apply to a prison disciplinary proceeding if the prisoner's lawsuit does not threaten any consequence for his criminal conviction or the duration of his sentence. *Muhammad v. Close*, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). *See also McMillan v. Fielding*, 136 Fed.App'x 818, 820 (6th Cir. 2005) (noting that *Huey* was overruled in part by *Muhammad*).

In Plaintiff's lawsuit, he is not using a Section 1983 claim to attack his disciplinary convictions, nor does he seek any relief related to the disciplinary convictions. Indeed, he does not appear to dispute that he fought or that he is part of a security threat group. A finding in his favor on the failure to protect claim would neither impugn the validity of the disciplinary convictions nor threaten any consequence for the duration of his imprisonment or for his underlying criminal conviction. In such a situation, the Court is not persuaded by Defendant Inman's attempt to stretch the favorable termination rule of *Heck v. Humprey* to fit the facts of this case. The mere fact that prison disciplinary convictions and a Section 1983 claim arise from the same set of facts is not sufficient to invoke the favorable termination rule. *See Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010). *See also Carico v. Benton, Ireland, & Stovall*, 68 Fed.App'x 632, 640 (6th Cir. 2003) (*Heck* and *Huey* were not applied to bar a prisoner's claim that guards failed to protect him from an assault by another guard even though the prisoner was convicted of the disciplinary offense of threatening behavior toward the guard alleged to have committed the assault). None of the cases cited by Defendant Inman in favor of his argument, *see* Memorandum in Support (Docket Entry No. 44), at 7-8, compel the Court to grant him summary judgment on this ground.

B. Merits of Failure to Protect Claim

The Constitution provides prisoners with a certain measure of protection from violence at the hand of other inmates. *Farmer v. Brennan*, 411 U.S. 825, 832-833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834. Next, "plaintiff also must show that prison officials acted with 'deliberate indifference' to inmate health or safety." *Id*. A showing of deliberate indifference requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id*. at 837. Further, prisons are inherently dangerous places, and prison officials are not liable for every injury suffered by one inmate at the hand of another. *Id*. at 834; *Freeman v. Troutt*, 2012 WL 5439160 at *6 (M.D. Tenn. Nov. 7, 2012) (Trauger, J.).

With respect to the instant case, the parties do not dispute that the February 18 fight and the March 7 fight occurred and that both fights involved gang members, some of whom were involved in both fights. It is further undisputed that some of the inmates involved in the February 18 fight were placed in the same housing unit after their respective releases from disciplinary segregation. However, it is also undisputed that: 1) Plaintiff did not make a statement to Defendant Inman about the February 18 fight during Inman's investigation of the fight; 2) Plaintiff did not tell Inman or

8

another prison officials that he was fearful for his safety in the aftermath of the February 18 fight; 3) Plaintiff did not identify any specific inmate as a potential threat to his safety in the aftermath of the February 18 fight; 4) Plaintiff did not request protective custody in the aftermath of the February 18 fight; and 5) Plaintiff did not object to his placement in the Apollo-A Pod after his release from segregation or request to be moved from that housing assignment. Although a prisoner's failure to give notice to prison officials of a risk to his safety is not always dispositive of a failure to protect claim, *Woods v. Lecureux*, 110 F.3d 1215, 1224 (6th Cir. 1997), the Court finds that, under the facts of the instant lawsuit, the absence of any evidence from Plaintiff that he perceived a risk to his safety and made that risk known to Inman is significant. Similarly significant is the absence of any other relevant evidence from Plaintiff tending to show that a substantial risk of injury to Plaintiff existed, such as evidence of a longstanding, pervasive and well-documented history of violence at the SCCF, evidence that specific threats toward Plaintiff were known about or that he was particularly vulnerable to attack, or evidence that prison officials knew beforehand that the March 7 fight was going to occur yet ignored that knowledge.

That Plaintiff was involved in a fight with other inmates is not sufficient of itself to show that he faced a substantial risk of serious harm from the other inmates if he was placed in the same general population housing pod with some inmates with whom he had previously fought. The mere fact that violence among the inmates sometimes occurs does not establish an Eighth Amendment violation. *Hester v. Morgan*, 52 Fed.App'x 220, 223 (6th Cir. 2002). Based on the evidence, and lack thereof, before the Court, no reasonable jury could find that Defendant Inman knew of and deliberately disregarded a substantial risk of serious harm to Plaintiff.

To the extent that Plaintiff argues that Defendant Inman should have taken unilateral steps to segregate Plaintiff and the other gang members involved in the fight from being placed in housing units with each other, this Court has previously found that TDOC policy does not require that suspected or known gang members be segregated as a matter of course. *See Lynn v. Davis*, 2016 WL 3553029 at *3 (M.D. Tenn. June 29, 2016) (Sharp, J.). What Plaintiff essentially argues is that Defendant Inman should have realized the possibility that another gang related fight would occur and should have taken more stringent or other actions in the aftermath of his investigation into the February 18 fight to ensure that another fight would not occur. In hindsight, this may be true. However, this type of contention shows negligent conduct, at best, which is not sufficient to support a claim under Section 1983. *See Farmer*, 511 U.S. at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment."); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Moreover, as continually emphasized by the Supreme Court, the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 224, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990); *Turner v. Safley*, 482 U.S. 78, 84–96, 107 s.Ct. 2254, 96 L.Ed.2d 64 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125–126, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977).

Based upon the evidence before the Court, there are no undisputed facts supporting Plaintiff's claim. There are also no disputed factual issues that amount to genuine issues of material fact, which if resolved in Plaintiff's favor would permit a reasonable jury to find for him on his claim. There

is simply an insufficient level of evidence before the Court supporting a claim that Plaintiff suffered a constitutional injury because Defendant Inman was deliberately indifferent to a substantial risk of serious harm to Plaintiff. Defendant Inman is entitled to summary judgment in his favor.

C. *Defendants McGuire and Smith*

Defendants McGuire and Smith have not been served with process in this action and are, thus, subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.[2] This Report and Recommendation constitutes the requisite notice to Plaintiff of dismissal of his claims gainst Defendants McGuire and Smith for lack of service. *See* Fed. R. Civ. P. 4(m).

**RECOMMENDATION**

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS:

1) Plaintiff's motion for summary judgment (Docket Entry No. 40) be DENIED;

2) Defendant Hank Inman's motion for summary judgment (Docket Entry No. 43) be GRANTED and the claims against Defendant Inman be DISMISSED WITH PREJUDICE;

3) Defendants Jillian McGuire and Courtney Smith be DISMISSED without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure; and

4) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

---

[2] Had these two defendants been served, the absence of any evidence supporting Plaintiff's claim would likely similarly warrant summary judgment in their favor.

particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                 Respectfully submitted,

                                                 BARBARA D. HOLMES
                                                 United States Magistrate Judge